**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4913**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

MICHAEL ANTHONY ROBINSON, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00423-TDS-1)

Submitted:  March 19, 2012          Decided:  April 4, 2012

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Robinson, Jr., conditionally pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). He now appeals the district court's denial of his motion to suppress and his designation as an armed career criminal. We affirm.

Robinson claims that the affidavit supporting the search warrant application was so "bare bones" that neither probable cause nor a good-faith exception existed to justify the search. We review the validity of a search warrant under the totality of the circumstances to determine whether the issuing judge had a substantial basis for finding probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). In doing so, we afford great deference to the factual assessments of the issuing judge. United States v. Allen, 631 F.3d 164, 173 (4th Cir. 2011). When a warrant is based in part on hearsay, the relevant inquiries are the veracity and basis of knowledge of the person supplying the information. United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004). "The degree to which an informant's story is corroborated may also be an important factor." Id.

We find no error in the probable cause determination here. The warrant application cited the prior reliability of the confidential informant and the informant's firsthand knowledge of drug distribution from the target property. The informant met with law enforcement officers on multiple occasions, provided information that was confirmed by law enforcement officers, and carried out a drug purchase with law enforcement funds. The affidavit set forth sufficient information to support the finding of probable cause. Accordingly, we affirm the district court's denial of Robinson's motion to suppress.

Robinson next challenges his sentence, claiming that the Armed Career Criminal Act ("ACCA") is unconstitutional and that he was improperly sentenced as an armed career criminal. Robinson's constitutional argument is foreclosed by binding precedent. See United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995). His arguments that his North Carolina conspiracy to assault inflicting serious injury and common law robbery convictions are not predicate "violent felonies" under the ACCA are similarly unavailing. An offense need not contain an "overt act" element to constitute an ACCA predicate. See, e.g., United States v. White, 571 F.3d 365, 370-71 (4th Cir. 2009). Thus, Robinson's argument regarding his conspiracy conviction fails. Likewise, North Carolina common law robbery involves conduct

3

that presents a serious potential risk of physical injury to another and therefore is properly considered an ACCA predicate. We find no error in Robinson's designation as an armed career criminal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED